DI PIPPO, APPELLANT, *v.* MEYER, APPELLEE.

[Cite as Di Pippo v. Meyer (1970), 24 Ohio App. 2d 86.]

(No. 11102—Decided June 15, 1970.)

*Messrs. Weber Hensley & Nurre* and *Mr. Raymond H. Hensley,* for appellant.
*Mr. Victor LeGrand,* for appellee.

Shannon, P. J.   This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Hamilton County.

In her amended petition, plaintiff-appellant alleges that she purchased a house and lot from defendant-appellee after having been shown the real estate by the defendant and his agent.   Allegations are made that the defendant and his agent represented the electrical wiring to be in excellent condition, the plumbing to consist of new copper piping, the furnace to be new and in excellent operating condition, and the basement not subject to being flooded. Further, plaintiff states that such representations were false; that defendant and his agent knew that such were untrue; that they were made to induce her to purchase the property; and that she entered into the contract in reliance thereon. After a recitation of the defects discovered after receiving possession of the premises and the particulars of damages, plaintiff prayed for rescission of the contract, return of the purchase price, judgment for the value of the improvements made by her to the real state, punitive damages and attorney fees.

The answer admits the conveyance of the real estate, denies any fraudulent misrepresentations made to induce the purchase and alleges that plaintiff had the opportunity to, and did, inspect the premises before signing the contract.

Trial without a jury resulted in a finding for the plaintiff, awarding her a judgment for $177.12.

Upon motion for separate findings of fact and conclusions of law, the court stated:

"Finding of Facts.

"(1)   That on or about the 14th day of March, 1964, defendant, William H. Meyer, was the owner of certain real estate, located and known as 769 Summit Avenue, Cincinnati, Ohio, and that on said date, said defendant sold said real estate to plaintiff, Laura DiPippo for the sum of eleven thousand ($11,000) dollars.

"(2)   That at said time of purchase certain plumbing and electrical installations of said real estate were de-

fective, and that defendant knew of said defects and did not disclose said information to plaintiff.

"(3) That at said time of purchase plaintiff did not know of the said defects.

"(4) That after purchase of said property, plaintiff tendered to defendant a deed to the said real estate, and said defendant ignored said tender although certified mail notice of said tender was receipted for by said defendant.

"(5) That plaintiff was required to expend moneys for the expense of correcting said plumbing and electrical defects.

"Conclusions of Law.

"Based on the foregoing finding of facts, the court hereby makes the following conclusions of law:

"(1) That plaintiff failed to establish by clear and convincing evidence the allegations of actual fraud and deceit in connection with the sale of real estate by defendant to plaintiff.

"(2) The evidence does establish by clear and convincing proof that the defendant was guilty of constructive fraud entitling plaintiff to be compensated for the expense of correcting the defects in plumbing and electrical installations of said real estate, to wit, the sum of one hundred seventy seven and 12/100 ($177.12) dollars, together with the costs of the action."

There are four assignments of error: (1) That the judgment is contrary to law; (2) that it is against the manifest weight of the evidence; (3) that the trial court erred in not granting rescission of the contract upon a finding that the defendant was guilty of constructive fraud; and (4) for other errors apparent upon the face of the record.

Because we believe that the questions presented can be resolved by a consideration of the third assignment of error, we address ourselves to it initially.

"Constructive fraud is defined as an act done or omitted which amounts to positive fraud, or is construed as a

fraud by the court because of its detrimental effect upon public interests and public or private confidence, even though the act is not done or omitted with an actual design to perpetrate positive fraud or injury upon other persons. Constructive fraud, sometimes called legal fraud, is nevertheless fraud, although it rests upon presumption and rests less upon furtive intent than does moral or actual fraud. It is presumed from the relation of the parties to a transaction or from the circumstances under which it takes place. The conscience is not necessarily affected by it. Indeed, it has been said that it generally involves a mere mistake of fact. It requires neither actual dishonesty nor intent to deceive, being a breach of legal or equitable duty which, irrespective of the moral guilt of the wrongdoer, the law declares fraudulent because of its tendency to deceive others, to injure public interests, or to violate public or private confidence. Hence, the terms 'constructive fraud' and 'legal fraud' both connote that in certain circumstances one may be charged with the consequences of his words and acts, as though he has spoken or acted fraudulently, although, properly speaking, his conduct does not merit this opprobrium.'' 37 American Jurisprudence 2d 23, Fraud and Deceit, Section 4.

See, also, 8 Ohio Jurisprudence 2d 409, Cancellation of Instruments, Section 20; Ballantine's Law Dictionary (2 Ed.); *Ruedy* v. *Toledo Factories Co.*, 61 Ohio App. 21, 30.

A reading of the bill of exceptions fully substantiates the conclusion of the trial court that the defendant was guilty of constructive fraud.

The general rule in Ohio is that where one has been induced by false representations of material facts, on which he was justified in relying and did rely, to enter into a contract as a result of which he suffers injury, he is entitled to have such contract rescinded and cancelled in an action brought for such purpose. 8 Ohio Jurisprudence 2d 399, Cancellation of Instruments, Section 12.

The granting of relief, through the remedies of rescission and cancellation, from the consequences of construc-

tive fraud is one of the original heads of equity jurisdiction. 8 Ohio Jurisprudence 2d 409, Cancellation of Instruments, Section 20.

However, one who rescinds the contract must offer to do so promptly on discovering the facts that will justify rescission and offer to return what he has received under the contract. 25 Ohio Jurisprudence 2d 11, 12, Fraud and Deceit, Sections 179 and 180.

In the case at bar, plaintiff, as found by the court, tendered back the deed promptly and defendant ignored such tender.

We conclude that the trial court was correct in its findings of fact but erred in denying the prayer for rescission of the contract. Denying plaintiff the relief she seeks by rescission of the contract does not follow the conclusion that defendant is guilty of constructive fraud.

In addition, plaintiff was compelled to expend sums of money to replace facilities, the condition of which had been misrepresented. The record discloses compelling proof of such in the total of $1,472.12. No proof was offered as to the claim for reasonable attorney fees and the record is silent as to any reference to punitive damages.

Having concluded that the third assignment of error is well taken, we now do that which the court below should have done and grant the rescission of the contract prayed for, together with a judgment in the sum of $1,472.12, and the costs.

*Judgment accordingly.*

HILDEBRANT and HESS, JJ., concur.