DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment awarded to the sellers of a condominium in a fraudulent concealment suit in the Huron Municipal Court. Because we conclude that contractual disclaimers bar such an action, we affirm.
 {¶ 2} In October 2000, appellant, Kenneth Majoy, purchased a Huron Township condominium from appellee, Jean Hord. Appellee, Paul Leach, consummated the sale for Hord by power of attorney. Appellant took possession of the unit in November 2000.
 {¶ 3} During the spring and summer of 2001, appellant discovered difficulty in opening and shutting the sliding glass doors leading to the back deck of the home. Appellant contracted with a general contractor to repair the sliding glass doors on or about November 13, 2001. Appellant attached an affidavit from the contractor to the amended complaint and motion for summary judgment, which details the work he performed to repair the damage.
 {¶ 4} The contractor's affidavit reported that there was a "serious structural problem" that would require removal of "many of the studs on the basement and first floor level, including the sill plate and several support beams, due to the fact that these supports had been damaged by water and termites." The contractor also asserted that the cause of the damage was "water coming into the walls from a flat roof that had been repaired several times prior to my inspection and repair. * * * However, none of these repairs fixed the problem of water entering the walls."
 {¶ 5} Leach executed a Residential Property Disclosure Form, which has as its purpose "a statement of the condition of the property and of information concerning the property actually known by the owner as required by Ohio Revised Code Section5302.30." Leach did not check any boxes or fill out any spaces on the form. The form was signed below the statement, "Owner represents that the statements contained in this form are made in
 {¶ 6} good faith based on his/her actual knowledge as of the date signed by the Owner." An additional statement was typed into the preprinted form: "Current owners have never resided in this home and have no knowledge as to the condition." Appellant signed the
 {¶ 7} Receipt and Acknowledgement of Potential Purchasers statement which states, "I/We acknowledge receipt of a copy of this disclosure form and understand that the statements are made based on the owner's actual knowledge as of the date signed by the owner."
 {¶ 8} Appellant also signed an Inspection Rider to Purchase Agreement, which contains an "as is" clause: "The purchaser acknowledges he/she is purchasing the premises as is. * * * Seller grants to the purchaser the right to inspect the property for possible non-operational items, repair items, and conditions that may be toxic." An Addendum to the Purchase Agreement, signed separately by appellant, states, "The sellers * * * to rebate at closing $1000.00 to the purchasers * * * to cover the current termite damage and any future incremental costs incurred from the condominium fees. By the purchasers signing below they agree to release the Seller and Realtors from any future liabilities."
 {¶ 9} The Purchase Agreement contains an "Inspection Condition," which states in relevant part, "Purchaser acknowledges that he has inspected this property; and that he will be relying solely upon his inspection and investigation of the Property for all purposes whatsoever * * *. Purchaser further acknowledges that he is aware that the Seller is presently incapacitated and that Paul C. Leach, Seller's son and power of attorney, has never resided in the property, and has no actual knowledge as to its construction, maintenance, and condition, and because of this lack of knowledge with the property and its condition, Seller has agreed to provide Purchaser with a one (1) year mechanical home warranty."
 {¶ 10} Appellant filed a complaint for fraud and fraudulent misrepresentation, asserting he had suffered economic harm from appellees' nondisclosure of the damage to the purchased property. Appellees filed for summary judgment on the basis that the Purchase Agreement and Inspection Rider clearly stated that appellant purchased the home in its "as is" condition.
 {¶ 11} Appellant brings the following assignments of error:
 {¶ 12} "I. It was error for the Judge to grant Summary Judgment to the defendants because there are issues of material fact.
 {¶ 13} "II. The Judge improperly denied Plaintiff's motion for Summary Judgment as the defendant Leach did not have proper authority to act as the agent for defendant Hord and the evidence asserted by Plaintiff proved that fact."
 {¶ 14} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
 {¶ 15} Appellees assert that the doctrine of caveat emptor precludes recovery for this defect, since it was open to observation and appellants had the opportunity to inspect the property. Appellees also point to the purchase agreement, wherein appellants agreed to an "as is" clause, waived any reliance they had on appellees' representations concerning the property, and released appellees from any future liability. Appellant responds by pointing out that appellees violated R.C. 5320.30 by not disclosing the damage on the disclosure form, and that a violation of R.C. 5302.30, requiring sellers of property to disclose defects of which they have knowledge, is tantamount to fraudulent misrepresentation. Appellant also argues that Leach, though he may have never lived in the property, had a duty to inquire of Hord regarding any damage.
 {¶ 16} The doctrine of caveat emptor precludes a buyer's recovery for defects that are "open to observation," Layman v.Binns (1988), 35 Ohio St.3d 176, 177, and requires sellers of property to disclose latent defects unless the buyer agreed to take the property "as is." Kaye v. Buehrle (1983),8 Ohio App.3d 381, 383. An "as is" clause relieves sellers from a duty to disclose latent defects. Akl v. Maher (Dec. 30, 1996), Lucas App. No. L-96-125. However, R.C. 5302.30 dispensed with the distinction between patent and latent defects. Id. Now, a seller must simply disclose all material defects of which he or she has actual knowledge. Witfoth v. Kiefer (Dec. 12, 2003), Lucas App. No. L-02-1325, 2003-Ohio-6766, ¶ 15.
 {¶ 17} Contra to appellant's argument that their fraud claims are buttressed by an alleged violation of the disclosure statute, a violation of R.C. 5302.30 does not equal fraudulent misrepresentation per se. R.C. 5302.30 does not provide a penalty for failure to disclose a material defect, nor does it provide a remedy for the buyer. Witfoth v. Keifer at ¶ 16. "A buyer's remedy for nondisclosure is limited to common law claims, typically claims for fraud." Id.
 {¶ 18} The fraud alleged here is the fraud of nondisclosure, not misrepresentation, as to the damage to the sill plate wall. Since appellant agreed to an "as is" clause, appellant is precluded from recovery for nondisclosure. Jacobs v. Racevskis
(1995), 105 Ohio App.3d 1, 5. However, an "as is" clause will not bar a claim for positive fraud, "that is, a fraud of commission rather than omission, such as fraudulent misrepresentation or fraudulent concealment." Id.
 {¶ 19} To prove fraud, a plaintiff must show that there was:
 {¶ 20} "(a) a representation, or where there is a duty to disclose, concealment of a fact,
 {¶ 21} "(b) which is material to the transaction at hand,
 {¶ 22} "(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 {¶ 23} "(d) with the intent of misleading another into relying on it,
 {¶ 24} "(e) justifiable reliance upon the representation or concealment, and
 {¶ 25} "(f) a resulting injury proximately caused by the reliance."
 {¶ 26} Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St.3d 69, paragraph two of the syllabus.
 {¶ 27} In this case, appellant alleges that appellees committed fraud when they failed to disclose the damage from water and termites to the wall structure underlying the sliding glass door sill. Structural damage is covered by the disclosure form. Therefore,
 {¶ 28} appellees had a duty to disclose the structural damage. However, as previously noted, appellees did not fill out any spaces on the form, with the exception of the clause inserted in type above the signature stating that "current owners have never resided in this home and have no knowledge as to the condition." Appellant has failed to show actual knowledge by Leach.
 {¶ 29} Further, appellant's fraud claim fails because the purchase agreement forecloses a showing of justifiable reliance. The purchase agreement explicitly states that appellee Leach had no knowledge of the condition of the house, and appellant, by signing, acknowledged Leach's lack of knowledge. The purchase agreement's Inspection Condition, supra, also forecloses any justifiable reliance on appellees' representations as to damage. Since appellees made no statement as to the condition of the house on the disclosure form, and appellants point to no other affirmative statements or representations by appellees, there were no statements upon which appellant could rely. Appellant has failed to show any issue of material fact. Therefore, appellant's first assignment of error is not well-taken.
 {¶ 30} Appellant's second assignment of error takes issue with Leach's authority to act as Hord's agent in the sale of her home. It is unclear what effect appellant's argument has on the property purchase or what remedy appellant seeks; for example, whether the power of attorney, if invalid, would render the contract for sale and transfer of deed invalid as well. Regardless, whether appellant's first assignment of error is directed at Leach or Hord makes no difference.
 {¶ 31} Appellant explicitly acknowledged in the Purchase Agreement that Leach acted as agent for Hord, that Hord was "incapacitated," and that Leach had no knowledge as to the property's condition. Further, appellant accepted a one-year warranty in consideration of Leach's lack of knowledge. Again, the purchase agreement forecloses a showing of justifiable reliance, as does appellant's acceptance of a warranty as consideration for appellee's professed lack of knowledge. Leach disclosed the nature of his agency relationship. Appellant noticed the condition complained of more than one year since the purchase agreement; appellant does not even raise the issue of a warranty on appeal. Since appellant's first assignment of error is not well taken, appellant's second assignment of error is also not well taken.
 {¶ 32} Upon consideration whereof, the judgment of the Huron Municipal Court is affirmed. Costs to appellant.
Judgment affirmed.
Handwork, P.J., Lanzinger and Singer, JJ., concur.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., ArleneSinger, J., Concur.