[Cite as *Ashmus v. Coughlin*, 2024-Ohio-341.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KEITH ASHMUS,                              :

    Plaintiff-Appellee,            :

                  No. 112816

    v.                             :

THOMAS M. COUGHLIN, JR., ET AL.,  :

    Defendants-Appellants.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; REVERSED IN PART;
              REMANDED
**RELEASED AND JOURNALIZED:**  February 1, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-960806

---

### *Appearances:*

Frantz Ward, LLP, and Mark L. Rodio, *for appellee.*

Sammon Law, LLC, and Colin P. Sammon, *for appellants.*

MARY J. BOYLE, J.:

{¶ 1}   This case involves a dispute arising out of a residential real estate transaction between defendants-appellants, Thomas J. Coughlin, Jr. ("Thomas") and Melissa A. Coughlin (collectively the "Coughlins"), and plaintiff-appellee, Keith Ashmus ("Ashmus").   The Coughlins appeal the trial court's decision granting

Ashmus's motion for summary judgment and denying their motion for summary judgment. The Coughlins raise the following two assignments of error for review:

> **Assignment of Error I:** The trial court erred by granting [Ashmus's] motion for summary judgment on his claim for breach of contract.

> **Assignment of Error II:** The trial court erred by denying [the Coughlins'] motion for summary judgment on their claim for misrepresentation and failure to disclose.

{¶ 2} Based on the unique circumstances of this case, we find that genuine issues of material fact exist. Therefore, we affirm the trial court's judgment denying the Coughlins' motion for summary judgment, reverse the trial court's decision granting Ashmus's motion for summary judgment, and remand the matter for further proceedings.

## I. Facts and Procedural History

{¶ 3} On August 27, 2021, the Coughlins purchased a home located at 24380 Lake Road in Bay Village, Ohio ("Property") from Ashmus for $1,010,000 with a $2,500 credit from the Coughlins' realtor ("Purchase Agreement"). The Coughlins placed $200,000 in escrow as part of offer. The Purchase Agreement provided for all funds and documents to be placed in escrow on October 31, 2021, and for title transfer and possession on November 1, 2021.

{¶ 4} The Coughlins were not interested in the home that existed on the Property. Rather, the Coughlins entered into the Purchase Agreement to perform new construction. As a result, they did not conduct any inspections of the existing Property but the Purchase Agreement was subject to a "14 [day] Due Diligence Period to evaluate land and feasibility for new construction[.]" The Purchase

Agreement also provided that Ashmus shall convey marketable title to the Coughlins "by general warranty deed * * * free and clear of all liens and encumbrances whatsoever, except * * * such restrictions, conditions, easements (however created) and encroachments as do not materially adversely affect the use or value of the Property." (Lines 73-76 of Purchase Agreement.)

{¶ 5} After executing the Purchase Agreement on August 27, 2021, the Coughlins acknowledged receipt of the Residential Property Disclosure Form ("Disclosure Form") completed by Ashmus. Relevant to this case, Section N of the Disclosure Form was blank and provides:

> **N) OTHER KNOWN MATERIAL DEFECTS:** The following are other known material defects in or on the property:
>
> For purposes of this section, material defects would include any non-observable physical condition existing on the property that could be dangerous to anyone occupying the property or any non-observable physical condition that could inhibit a person's use of the property.

(Disclosure Form, p. 4.)

{¶ 6} On September 10, 2021, the 14-day due diligence period expired without the Coughlins terminating the Purchase Agreement or advising Ashmus that they had any issues with the land or feasibility for new construction. At some point after September 10, 2021, the Coughlins became aware of a main sanitary sewer line ("sewer line") that stretched diagonally through the center of the land. After investigating various options, the Coughlins determined that a new house could not be constructed on a suitable area of the property, nor could the sewer line

be moved. The Coughlins did not close on the sale of the property and, on October 26, 2021, they presented Ashmus with a mutual release for the return of their earnest money, which Ashmus rejected. On December 17, 2021, after negotiations with different buyers, Ashmus accepted another offer to purchase the Property for $925,000, less a $6,000 credit to the subsequent buyers for closing costs, for a net sale price of $919,000. That sale closed in February 2022.

{¶ 7} In March 2022, Ashmus filed a complaint against the Coughlins and the title company, Chicago Title Co. ("Chicago Title"), alleging breach of contract and a declaratory-judgment action. Count One alleged that the Coughlins breached the Purchase Agreement by refusing to purchase the property and demanding to terminate the Purchase Agreement. Ashmus alleged that as a result of the Coughlins' material breach of contract, he is entitled to damages in the amount of $93,500.00 plus three percent statutory interest from October 22, 2021 ($1,010,000 + $2,500 - $919,000=$93,500). In Count Two, Ashmus alleged that he is entitled to a declaratory judgment that the Chicago Title shall deposit the $100,000 in earnest money with the clerk of courts and, thereafter, be dismissed from the action, and that such amount shall be held by the clerk of courts pending final resolution of the case.[1]

{¶ 8} In response, the Coughlins filed an answer to Ashmus's complaint and a counterclaim, alleging "misrepresentation, non-disclosure and concealment"

---

[1] The parties stipulated to Chicago Title's dismissal from the lawsuit in June 2022. At appellate oral argument, the parties indicated that the remaining $100,000 in escrow had been returned to the Coughlins.

of the Property's conditions. The Coughlins alleged that Ashmus was "legally obligated to disclose * * * any known material defects of the property, encroachments and/or easements" on the Property in the Disclosure Form. The Coughlins relied upon the truthfulness and accuracy of these representations when they made the offer to purchase the Property. The Coughlins alleged that Ashmus "intentionally and/or in conscious disregard of the truth" failed to disclose a material issue surrounding the Property — that there was an underground sewer line extending across a critical area of the property, which was not observable upon inspection. The Coughlins alleged that Ashmus knew about the sewer line and knew that the Coughlins intended to construct a new home on the Property, but failed to disclose the existence of the sewer line.

{¶ 9} The Coughlins further alleged that they became aware of the sewer line prior to close and their investigation revealed that it would not be feasible to relocate the sewer line. As a result, the Coughlins advised Ashmus that they were unable to close on Property because Ashmus's failure to disclose the existence of the sewer line inhibited their intended use and value of the property. The Coughlins sought punitive damages for Ashmus's alleged failure to execute the Disclosure Form "in good faith and fair dealing."

{¶ 10} The parties filed cross-motions for summary judgment. Ashmus filed a motion for summary judgment, arguing that the Coughlins breached the Purchase Agreement because the sewer line did not materially and adversely impact the use or value of the Property and the sanitary sewer easement has been on public record

since 1964. Ashmus further argued that the Coughlins provided no law that a recorded sanitary sewer easement constitutes a "defect" such that he was required to disclose it on the Disclosure Form.

{¶ 11} The Coughlins filed their own motion for summary judgment, arguing that they were entitled to summary judgment on Ashmus's breach-of-contract claim because Ashmus breached the Purchase Agreement when he "purposefully failed to include the existence and location of the sanitary sewer line on the property he marketed to the [Coughlins] as a new build" and then refused to complete the mutual release when the Coughlins determined that the location of the sewer line made it unfeasible for their new home construction.

{¶ 12} In May 2023, the trial court issued its decision granting Ashmus's motion for summary judgment and denying the Coughlins' motion for summary judgment. The court entered judgment against the Coughlins in the amount of $93,500 plus interest and ordered that the Coughlins' funds, which were in escrow, be paid to Ashmus.[2] The court stated:

> In August 2021, Ashmus and the Coughlins entered into a purchase agreement under which Coughlins were to purchase lakefront property in Bay Village, OH from Ashmus. After the expiration of a fourteen-day due diligence period on September 10, 2021, Coughlins did not terminated the purchase agreement. Per the purchase agreement, all funds and documents were to be placed in escrow on October 31, 2021, and for title transfer and possession on November 1, 2021. On October 22, 2021, Coughlins claimed an existing sanitary sewer easement for the sewer servicing the property constituted a title defect that had a material and adverse impact on the use and value of the property.

---

[2] The Coughlins sought a stay of the judgment, which the trial court granted in June 2023.

> Coughlins signed a mutual release and authorization for return of earnest money to buyer and submitted [it] to Ashmus. Ashmus rejected this demand to cure the location of the sewer and did not sign the release.
>
> It is undisputed that the sanitary sewer easement is recorded in the public record, and has been since 1964.

(Judgment entry, May 8, 2023.) The court, relying on *Cox v. Estate of Wallace*, 12th Dist. Butler No. CA87-06-078, 1987 Ohio App. LEXIS 10358, 6 (Dec. 31, 1987), found that

> the existing sanitary sewer easement is a matter of public record of which Coughlins has constructive notice. Pursuant to the purchase agreement at lines 75-76 Coughlins were obligated to accept such "encroachments as do not materially adversely affect the use or value of the property." The Coughlins have not presented evidence or appraisal that the sanitary sewer easement materially and adversely impacts the use or value of the property. Accordingly, this court does not find persuasive the Coughlins argument that the easement constitutes a "defect" such that Ashmus was required to disclose it on the residential public disclosure form.

(Judgment entry, May 8, 2023.)

{¶ 13} It is from this order that the Coughlins now appeal.

## II. Law and Analysis

{¶ 14} Within their two assigned errors, the Coughlins argue that the court erred by granting Ashmus's motion for summary judgment on his claim for breach of contract and by denying their motion for summary judgment on their claim for misrepresentation and failure to disclose.

### A. Summary Judgment Standard of Review

{¶ 15} An appellate court reviews the grant or denial of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

In a de novo review, this court affords no deference to the trial court's decision and independently reviews the record to determine whether the denial of summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.).

{¶ 16} Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Id.*, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 631 N.E.2d 150 (1994).

{¶ 17} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293.

{¶ 18} "Because summary judgment represents a shortcut through the normal litigation process by avoiding a trial, the burden is strictly upon the moving party to establish, through the evidentiary material permitted by the rule, that there is no genuine issue of material fact and that [the moving party] is entitled to

judgment as a matter of law. Civ. R. 56(C)." *Angus v. Blue Cross & Blue Shield*, 8th Dist. Cuyahoga No. 60412, 1992 Ohio App. LEXIS 3935, 8 (July 30, 1992).

## B. Cross-Motions for Summary Judgment

{¶ 19} In this case, cross-motions for summary judgment were filed. When assessing cross-motions for summary judgment, "'[e]ach motion must be considered individually and separately, construing the evidence most strongly in favor of the party against whom the motion under consideration was filed. * * * If neither movant is so entitled, both motions must be denied.'" *Wigton v. Univ. of Cincinnati Physicians, Inc.*, 2021-Ohio-3576, 179 N.E.3d 241, ¶ 12 (1st Dist.), quoting *United States Fid. & Guar. Co. v. Rains*, 1st Dist. Hamilton No. C-790073, 1980 Ohio App. LEXIS 10510, 1 (Apr. 16, 1980), citing *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

{¶ 20} The crux of this appeal is whether the sewer line, which runs diagonally across the Property, materially and adversely affected the Coughlins' use of the Property and whether Ashmus, who knew of the sewer line's existence, had a duty to disclose or provide this information in Section N of the Disclosure Form. Because we find that genuine issues of material fact exist as to the material and adverse affect and the nondisclosure, we find that both motions for summary judgment must be denied.

### 1. Ashmus's Motion for Summary Judgment

{¶ 21} There is no dispute that Ashmus was aware of the sewer line and easement. Ashmus maintains, however, that he did not have a duty to disclose the

sewer line easement because (1) the Coughlins had constructive notice of the easement since it was recorded; (2) the sanitary sewer easement was not a latent, material defect, nor did it materially and adversely impact the Coughlins' use of the Property; and (3) the Coughlins' counterclaim is barred by the doctrine of caveat emptor and the "as is" clause in the Purchase Agreement.

{¶ 22} We first address Ashmus's caveat emptor argument. The Supreme Court of Ohio has held that the doctrine of caveat emptor "precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman v. Binns*, 35 Ohio St.3d 176, 176, 519 N.E.2d 642 (1988), syllabus, following *Traverse v. Long*, 165 Ohio St. 249, 135 N.E.2d 256 (1956). However, when there are latent defects not easily discoverable, coupled with misrepresentations or concealment, the doctrine of caveat emptor will not preclude recovery for fraud in a real estate transaction. *Finomore v. Epstein*, 18 Ohio App.3d 88, 481 N.E.2d 1193 (8th Dist.1984), paragraph three of the syllabus. The doctrine precludes buyers from recovering for patent, as opposed to latent, not readily observable defects. *Layman* at 178.

{¶ 23} We note that the sewer line in question is well below the surface of the Property and, therefore, not open to observation or even discoverable upon reasonable inspection. The Coughlins could not have discovered the existence of the

sewer line by mere inspection of the property. Therefore, the doctrine of caveat emptor does not preclude recovery in the matter before us.

{¶ 24} Related to caveat emptor is Ashmus's argument that the "as is" clause in the Purchase Agreement also precludes recovery by the Coughlins. The Purchase Agreement states that the Property is being sold in its "'as is' present physical condition[.]" (Purchase Agreement, line 149.) As previously noted, the sewer line is well below the surface of the Property and not open to observation or even discoverable upon reasonable inspection; therefore, Ashmus cannot rely on the existence of the "as is" clause in the purchase agreement to avoid liability. *Bedwell v. Schmitt*, 11th Dist. Portage No. 2001-P-0136, 2002-Ohio-6909, ¶ 21.

{¶ 25} Moreover, this court has held, however, that the "as is" clause does not prevent liability when the seller makes a fraudulent representation or concealment. *Felker v. Schwenke*, 129 Ohio App.3d 427, 430-431, 717 N.E.2d 1165 (8th Dist.1998), citing *Mancini v. Gorick*, 41 Ohio App.3d 373, 536 N.E.2d 8 (9th Dist.1987) (certain fact situations may exist where a duty to disclose arises, despite the "as is" clause); *Kaye v. Buehrle*, 8 Ohio App.3d 381, 457 N.E.2d 373 (9th Dist.1983); *Dennison v. Koba*, 86 Ohio App.3d 605, 607, 621 N.E.2d 734 (9th Dist.1993); *Black v. Cosentino*, 117 Ohio App.3d 40, 689 N.E.2d 1001 (9th Dist.1996); *see also Schmitt*. Indeed, an "as is" clause does not protect a seller who positively misrepresents or conceals the complained-of condition. *Eiland v. Coldwell Banker Hunter Realty*, 122 Ohio App.3d 446, 457, 702 N.E.2d 116 (8th Dist.1997), citing *Vecchio v. Kehn*, 8th Dist. Cuyahoga No. 66067, 1994 Ohio App.

LEXIS 3622 (Aug. 18, 1994); *Kossutich v. Krann*, 8th Dist. Cuyahoga No. 57255, 1990 Ohio App. LEXIS 3449 (Aug. 16, 1990). Thus, while a seller may not have a duty to disclose a defective condition, the seller may not take affirmative steps to misrepresent or to conceal the condition. *Hubbard Family Trust v. TNT Land Holdings*, LLC, 2014-Ohio-772, 9 N.E.3d 411, ¶ 20 (4th Dist.). In this case, Ashmus was aware of the existence of the sewer line easement and did not disclose that fact. The concealment of such a fact may render him liable, and thus we are unpersuaded by his argument.

{¶ 26} We next address Ashmus's contention that the recorded easement bars any claims by the Coughlins under *Cox*, 12th Dist. Butler No. CA87-06-078, 1987 Ohio App. LEXIS 10358, because the Coughlins had constructive notice of the easement. In *Cox*, the plaintiffs purchased 41 acres of land from the defendants, who were the decedent's estate and the estate's administrator. The plaintiffs had no direct contact with the defendants. The plaintiffs conducted only a cursory inspection before signing the sales contract and did not discover two pipeline easements on the property until after the purchase was completed. Subsequently, the plaintiffs filed a fraud action against defendants, alleging that they violated an obligation to inform the plaintiffs of the easements' existence.

{¶ 27} On appeal, the plaintiffs argued that the trial court erred in granting defendants' motion for summary judgment. Plaintiffs maintained that there was a genuine issue of fact as to whether they had actual notice of the easements. The Twelfth District Court of Appeals stated that "[a] duly recorded deed or instrument

operates as constructive notice to subsequent purchasers." *Id.* at 6, citing *Vanzant v. Davies*, 6 Ohio St. 52 (1856). The *Cox* Court held that the plaintiffs had constructive notice of the easements because the easements were properly recorded and of public record as required by R.C. 5301.25(A).[3] *Id.* at 5-6. As a result, the plaintiffs had no right to rely on any alleged oral representations of the defendants because the easements were of public record. *Id.* at 7.

{¶ 28} We find *Cox* distinguishable, however, because the Twelfth District's decision predates the 2013 Disclosure Form used in the instant case, which includes Section N. This section requires the seller to disclose any other known material defects in or on the property, which includes any non-observable physical condition existing on the property that could inhibit a person's use of the property. Because of Section N and the fact that the easement was readily discernible we find *Cox* unpersuasive.

{¶ 29} Next, Ashmus argues that the Coughlins failed to submit any evidence creating a genuine issue of material fact that the recorded sewer line easement materially and adversely impacted their use of the Property. We disagree.

{¶ 30} According to Thomas's affidavit, the Coughlins

relied upon the truthfulness and accuracy of the disclosure statement as well as the statements provided to us by [Ashmus's] real estate agent in that there were no known conditions on the property which could inhabit a person's use of the property; specifically, our ability to construct a suitable new residence. The specific placement of a newly

---

[3] "'Constructive notice' is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *Cox* at 6, citing *In re Estate of Fahle*, 90 Ohio App. 195, 105 N.E.2d 429 (6th Dist.1950).

constructed house was a material aspect of the purchase because it was a lake front property.

After walking around and through the property and relying upon the accuracy and truthfulness of the disclosure statement, we ultimately agreed to purchase the property at issue for $1,010,000.00, to construct a new home on the property. At that time, we believed we could construct our dream house in a suitable area of the property to enjoy Lake Erie views, etc.

* * *

The feasibility of the land for new construction of our desired home was material to the agreement and was the reason we agreed to pay $1,010,000.00 for this property.

At no time prior to the purchase was the existence of the sanitary sewer line extending across a critical portion of the property disclosed to us. Further, we did not know about the existence of the sanitary sewer line at the time we entered into an agreement to purchase the property.

Although the purchase agreement had a 14-day due diligence period, we did not discover the existence of the underground sanitary sewer because it was not disclosed to us in the disclosure statement, was not told to us by Mr. Ashmus and/or Mr. Ashmus' agent and it was not something that was readily observable as it was several feet underground.

* * *

Ashmus' lack of cooperation as well as the significant cost associated with moving the sanitary sewer line as well as the requirement of re-writing an easement, receiving city approval, as well as having to dig up neighbors' driveways, yards, and landscaping beds, it was determined that it would not be practical to construct our new home on this property. Clearly, the existence of the undisclosed sanitary sewer line in a critical portion of the property, had a material impact on our use and/or ability to construct a suitable new home on this property.

(Thomas affidavit, para. 11-12, 14-17, 23.)

{¶ 31} After the Coughlins became aware of the sewer line, they attempted to determine whether it was still feasible to construct their new home on the

Property.  According to Thomas, they investigated whether it was possible to move the sewer line, which "would require re-writing the easement, city approval as well as the cooperation and consent by abutting property owners."  (Thomas affidavit, para. 21.)  The Coughlins ultimately determined that they could not use the Property as they intended because the existence of the undisclosed sewer line in a critical portion of the Property materially impacted their use and ability to construct a new home on the Property.

{¶ 32} When viewing this evidence in a light most favorable to the nonmoving party, we find that summary judgment was improper.  Ashmus knew of the existing physical condition of the sewer line and knew that the Coughlins intended to demolish the existing structure and build a new home on the Property, but did not disclose the sewer line to them.  Thomas averred that the sewer line had a material impact on their use and ability to construct a suitable new home on the Property.

{¶ 33} Ashmus further argues that a recorded easement on real property is not a latent, material defect that must be disclosed on the Disclosure Form, noting that neither the Disclosure Form nor the Revised Code includes easements as defects that must be disclosed.  Ashmus, however, conflates "easement" with the "physical condition" of a sanitary sewer line.  An easement can exist in the absence of a physical condition.  Here, Section N of the Disclosure Form defines "defect" broadly to include "any non-observable physical condition that could inhibit a

person's use of the property." (Disclosure Form, p. 4.) This suggests that the sewer line is a "defect" that should have be disclosed on the Disclosure Form.

{¶ 34} Thus, based on the foregoing, a genuine issue of material fact remains as to whether the existence of the sewer line materially and adversely affected the Coughlins' use of the property, which was to build a new structure. Because Ashmus did not meet his burden, we find that the trial court erred in determining that no genuine issues of material fact existed with regard to his breach-of-contract claim.

{¶ 35} Accordingly, the first assignment of error is sustained.

## 2. Coughlins' Motion for Summary Judgment

{¶ 36} As to the Coughlins' motions for summary judgment, they as well did not meet their burden on summary judgment. Genuine issues of material fact exist as to the non-disclosure of the sewer line and the sewer line's potential to inhibit the Coughlins' use of the property.

{¶ 37} The Coughlins contend that Ashmus had a duty to disclose the existence of the sewer line and his failure to do so resulted in a material breach of the contract and "inhibited" them from building their new home on the Property. In support of their argument, the Coughlins rely on R.C. 5302.30, which governs the Disclosure Form. R.C. 5302.30 requires that a seller of residential property complete and deliver to a prospective purchaser a Residential Property Disclosure Form disclosing "material matters relating to the physical condition of the property" and "any material defects in the property" that are "within the actual knowledge" of the seller. R.C. 5302.30(C), (D). *See also Wallington v. Hageman*, 8th Dist.

Cuyahoga No. 94763, 2010-Ohio-6181, ¶ 17; *Hendry v. Lupica*, 8th Dist. Cuyahoga No. 105839, 2018-Ohio-291, ¶ 7, quoting *Wallington*. The statute requires that the disclosure be made in good faith, which "means honesty in fact in a transaction." R.C. 5302.30(A)(1).

{¶ 38} R.C. 5302.30(E)(1) provides that "[e]ach disclosure of an item of information that is required to be made in the property disclosure form * * * and each act that may be performed in making any disclosure of an item of information shall be made or performed in good faith." If a seller fails to disclose a material fact on the disclosure form with the intention of misleading the buyer and the buyer relies on the disclosure form, the seller may be liable for a resulting injury. *Wallington* at ¶ 18, citing *Pedone v. Demarchi*, 8th Dist. Cuyahoga No. 88667, 2007-Ohio-6809, citing *Juan v. Harmon*, 1st Dist. Hamilton No. C-980587, 1999 Ohio App. LEXIS 833 (Mar. 5, 1999). And R.C. 5302.30(J) provides in pertinent part that

> [t]he specification of items of information that must be disclosed in the property disclosure form as prescribed under division (D)(1) of this section does not limit or abridge * * * any obligation to disclose an item of information that is created by any other provision of the Revised Code or the common law of this state or that may exist in order to preclude fraud, either by misrepresentation, concealment, or nondisclosure in a transaction involving the transfer of residential real property. The disclosure requirements of this section do not bar * * * the application of any legal or equitable defense that a transferor of residential real property may assert in a civil action commenced against the transferor by a prospective or actual transferee of that property.

{¶ 39} Here, the Disclosure Form was made a part of the Purchase Agreement and Ashmus was obligated under R.C. 5302.30 to answer the questions

in the Disclosure Form based on his actual knowledge and in good faith. There is no reference to the word "easement" on the Disclosure Form itself. Section N is a "catchall" provision, however, that requires the seller to disclose "other known material defects in or on the property[.]" Section N defines material defects to include "any non-observable physical condition that could inhibit a person's use of the property." There is no dispute that Ashmus had actual knowledge of the sewer line at the time he submitted the Disclosure Form to the Coughlins, but left Section N of the Disclosure Form blank. Furthermore, there is no dispute that the sewer line was non-observable. A genuine issue of material fact remains, however, as to whether the sewer line could inhibit the Coughlins' use of the property.

{¶ 40} The Coughlins agreed to purchase the Property for more than $1 million with the intention of tearing it down. When they realized that building new construction on the property was not feasible, they attempted to find another way to build on the property. Their efforts, however, were to no avail. According to Thomas,

> the existence of the undisclosed main sanitary sewer line clearly impacted our use of the property which also affected the property value. Again, the existence of the sanitary sewer line in an important area of the property would have prevented us from constructing our residence in a suitable area because we would have had to move the property on this very deep lot closer to Lake Road which would have obstructed our view of the lake due to the presence of the location of abutting owners' residences.

(Thomas affidavit, para. 24.)

{¶ 41} By granting summary judgment in Ashmus's favor, Ashmus was, in essence, allowed to withhold his actual knowledge about the sewer line and easement and then was awarded for the same when the 14-day due diligence period expired and the Coughlins eventually discovered what Ashmus knew all along — that there was an existing sewer line that ran across the Property. *Hubbard*, 2014-Ohio-772, 9 N.E.3d 411, at ¶ 26. ("If a seller fails to disclose a material fact on a residential property disclosure form with the intention of misleading the buyer, and the buyer relies on the form, the seller is liable for any resulting injury").

{¶ 42} These circumstances raise genuine issues of material fact as to whether the sewer line was a non-observable physical condition that "could" inhibit the Coughlins' use of the Property and whether Ashmus completed the Disclosure Form in "good faith." As a result, we find that the Coughlins' motion for summary judgment was properly denied.

{¶ 43} Therefore, the second assignment of error is overruled.

### III. Conclusion

{¶ 44} After assessing each motion for summary judgment individually, we find that neither Ashmus nor the Coughlins are entitled to judgment as a matter of law. Based on the foregoing facts and circumstances, genuine issues of material fact exist necessitating resolution by trial — did the sewer line, which runs diagonally across the Property, materially and adversely affect the Coughlins' use of the Property and did Ashmus, who knew of the sewer line's existence, have a duty to

disclose this information in Section N of the Disclosure Form.[4]  Therefore, trial court's judgment denying the Coughlins' motion for summary judgment is affirmed and the trial court's judgment granting Ashmus's motion for summary judgment is reversed.

{¶ 45} Accordingly, judgment is affirmed in part, reversed in part, and the matter remanded for further proceedings.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

SEAN C. GALLAGHER, J., CONCURS;
MICHELLE J. SHEEHAN, P.J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION)

MICHELLE J. SHEEHAN, P.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 46} Respectfully, I concur in part and dissent in part. I agree with the majority that the trial court properly denied the Coughlin's motion for summary

_____
[4] Our holding is limited to the circumstances of this particular case.  Nothing herein should be construed as suggesting there may be a duty to disclose sewer lines on every Residential Property Disclosure Form.

judgment. I disagree, however, with the majority's conclusion that the trial court improperly granted summary judgment in favor of Ashmus regarding his duty to disclose the existence of the sewer line in the Disclosure Form. Based on my review of the record and applicable law, I find no issue of fact requiring a trial on this issue and would affirm the trial court's decision granting summary judgment in Ashmus's favor.

{¶ 47} As a matter of background, prior to the enactment of R.C. 5302.30, Ohio common law governed residential disclosures and it characterized property defects as either patent or latent; under the rule of caveat emptor, buyers were responsible for discovering patent defects while sellers were obligated to disclose latent defects unless the buyer contractually agreed to take the property "as is." *Davis v. Kempfer*, 3d Dist. Union No. 14-95-31, 1996 Ohio App. LEXIS 1725, 6 (Apr. 10, 1996). However, "[w]hile the 'as is' disclaimers relieved sellers from their duty to disclose latent defects and defeated claims of nondisclosure, they could not defeat claims of fraudulent concealment or misrepresentation." *Id.,* citing *Brewer v. Brothers*, 82 Ohio App.3d 148, 611 N.E.2d 492 (12th Dist.1992). *See also Montgomery v. Vargo*, 2016-Ohio-809, 60 N.E.3d 709, ¶ 7 (8th Dist.) ("In the absence of evidence of fraudulent representation or fraudulent concealment, an 'as is' clause in a real estate contract and the principle of caveat emptor preclude a buyer from recovery for claims arising from latent defects.").

{¶ 48} R.C. 5302.30, enacted in 1993, makes no distinction between patent or latent defects. R.C. 5302.30(D) states:

> [T]he [disclosure] form prescribed by the director shall be designed to permit the transferor to disclose *material matters relating to the physical condition of the property* to be transferred, including, but not limited to, the source of water supply to the property; the nature of the sewer system serving the property; the condition of the structure of the property, including the roof, foundation, walls, and floors; the presence of hazardous materials or substances, including lead-based paint, asbestos, urea-formaldehyde foam insulation, and radon gas; and *any material defects* in the property that are within the actual knowledge of the transferor.

(Emphasis added.)

{¶ 49} Pursuant to the statute, a seller now must disclose any material defect of which he or she has actual knowledge. *Southworth v. Weigand*, 8th Dist. Cuyahoga No. 80561, 2002-Ohio-4584, ¶ 20.

{¶ 50} Sections A to M of the statutory Disclosure Form require the seller to disclose matters relating to water supply, nature of sewer system, roof, water intrusion, structural components (foundation, basement/crawl space, floors, interior and exterior wall), wood destroying insects/termites, mechanical systems, presence of hazardous materials, underground storage tanks/wells, flood plain/Lake Erie coastal erosion area, drainage/erosion, zoning/code violations/assessments/homeowners' association, boundary lines/encroachments/shared driveway/party walls.

{¶ 51} The form contains a "catchall" section in Section N. Section N requires the seller to disclose "other known material defects," and it states that, "for the purpose of this section, material defects would include any non-observable physical condition existing on the property that could be dangerous to anyone

occupying the *property or any non-observable physical condition that could inhibit a person's use of the property.*" (Emphasis added.)

{¶ 52} In light of the catchall section, even when a purchase agreement contains an "as is" clause, "a seller may still be liable for nondisclosure of a material, latent defect which is actually known to him." *Arbogast v. Werley*, 6th Dist. Lucas No. L-09-1131, 2010-Ohio-2249, ¶ 38. R.C. 5302.30, however, does not provide a penalty for the failure to disclose a material defect, nor does it provide a remedy for the buyer; rather, a buyer's remedy for nondisclosure is limited to common claims for fraud. *Majoy v. Hord*, 6th Dist. Erie No. E-03-037, 2004-Ohio-2049, ¶ 17.

{¶ 53} The Coughlins claim Ashmus committed fraudulent concealment when he failed to disclose the existence of the sewer line in the Disclosure Form. A review of the record and the applicable law indicates, however, that the subject sewer line is not a "material defect" as that term is defined in the Disclosure Form.

{¶ 54} As defined in section N of the Disclosure Form, a "material defect" is either a dangerous condition or any non-observable physical condition that "could inhibit a person's use of the property." There is no allegation by the Coughlins that the underground sewer line is a dangerous condition. Therefore, to be a "material defect" requiring Ashmus's disclosure of its existence in the Disclosure Form, the sewer line must be a condition that could inhibit *a person's* use of property.

{¶ 55} The employment of the indefinite article "a" rather than the definite article "the" before "person" in the definition of "material defect" is significant. In construing a statute, "definite article 'the' particularizes the subject which it

precedes and is word of limitation as opposed to indefinite or generalizing force 'a' or 'an'." *Crosby-Edwards v. Ohio Bd. of Embalmers & Funeral Dirs.*, 175 Ohio App.3d 213, 2008-Ohio-762, 886 N.E.2d 251, ¶ 29 (10th Dist.), quoting *Black's Law Dictionary* 1477 (6Ed. 1990). *See also Black v. Ryan*, 11th Dist. Lake No. 2011-L-030, 2012-Ohio-866, ¶ 37, citing *State v. McDonald*, 4th Dist. Ross No. 04CA2806, 2005-Ohio-3503, ¶ 13 ("a" is an indefinite article that is used before nouns that denote a single, but unspecified, person or thing and "the" is a word used before singular or plural nouns that denote particular persons or things).

{¶ 56} Here, the record reflects that Ashmus completed the Disclosure Form on August 8, 2021, 19 days before Ashmus entered into the purchase agreement on August 27, 2021, with the Coughlins. The majority finds that a genuine issue of material fact remains regarding whether the sewer line could inhibit the Coughlins' use of the property therefore requiring its disclosure. I disagree. The question for Ashmus to answer when he filled out the Disclosure Form was *not* whether the sewer line could inhibit a particular buyer's intended use of the property but rather whether the sewer line could inhibit a person's use of the property generally, due to the use of the indefinite article. While there may be an issue of fact as to whether *the Coughlins'* intended use of the subject property — to tear down the existing home and rebuild — could be inhibited by the sewer line due to significant cost to move the sewer line, the record is devoid of any evidence that the sewer line could inhibit a person's use of the property generally. Based on the specific language of Section N and the record before us, I find there is no issue of fact regarding whether the

sewer line is a "material defect" — as defined in the Disclosure Form – thereby requiring its disclosure. Ashmus was not required to disclose the existence of the sewer line in the Disclosure Form.

{¶ 57} To be a "material defect" warranting disclosure, the physical condition must also be "non-observable." Although the above analysis renders it unnecessary to determine whether the sewer line is "non-observable," I would further note that the sewer easement has been recorded since 1964 and, under the purchase agreement, the parties negotiated a 14-day period to exercise due diligence. "Constructive notice of a defective condition can be imputed to a defendant when the plaintiff presents evidence establishing that the defect could or should have been discovered." *Fraley v. Ohio Dept. of Rehab. & Correction*, 2019-Ohio-2804, 139 N.E.3d 1264, ¶ 30 (10th Dist.), quoting *Kemer v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 09AP-248, 2009-Ohio-5714, ¶ 24. A recorded easement is readily discoverable by a review of the public record (and the subject easement was in fact ultimately discovered by the Coughlins through a review of the public record). *Tiller v. Hinton*, 19 Ohio St.3d 66, 68, 482 N.E.2d 946 (1985) (pursuant to R.C. 5301.25(A), a buyer can be charged with constructive notice of an easement when a deed was timely recorded). While the sewer line is not physically observable, the recording of the sewer easement serves as constructive notice to a potential buyer. "'[T]he duty to conduct a full inspection falls on the purchasers[,] and the disclosure form does not function as a substitute for such careful inspection.'" *Nieberding v. Barrante*, 8th Dist. Cuyahoga No. 110103, 2021-Ohio-

2593, ¶ 23, quoting *Roberts v. McCoy*, 2017-Ohio-1329, 88 N.E.3d 422, ¶ 17 (12th Dist.).

{¶ 58} The Coughlins' counterclaim for nondisclosure and concealment is based on their allegation that Ashmus failed to disclose the existence of the sewer line in the Disclosure Form. Because I find no issue of fact regarding whether the sewer line is a "material defect" requiring its disclosure by Ashmus when he completed the Disclosure Form, I would affirm the trial court's judgment granting Ashmus's motion for summary judgment. Accordingly, I concur in part and dissent in part.