[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ashmus v. Coughlin*, Slip Opinion No. 2025-Ohio-2412.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2412

ASHMUS, APPELLANT, *v.* COUGHLIN ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ashmus v. Coughlin*, Slip Opinion No. 2025-Ohio-2412.]

*Real property—R.C. 5302.30—The disclosure form required under R.C. 5302.30 requires a seller to describe a "non-observable" condition that would interfere with an ordinary buyer's use of the property—A publicly recorded sewer line is not a material defect required to be listed on the disclosure form—Court of appeals' judgment reversed and trial court's judgment reinstated.*

(No. 2024-0264—Submitted March 12, 2025—Decided July 10, 2025.)

APPEAL from the Court of Appeals for Cuyahoga County,
No. 112816, 2024-Ohio-341.

_____

DEWINE, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., joined.

**DEWINE, J.**

{¶ 1} Ohio law requires home sellers to provide buyers a "Residential Property Disclosure Form" detailing "material defects" in the property. R.C. 5302.30(D)(1). The disclosure form describes a material defect as including "any non-observable physical condition that could inhibit a person's use of the property."[1]

{¶ 2} In this case, a couple contracted to buy a lakefront home, intending to knock it down and build a new one on the other side of the lot. But the buyers later learned through a publicly recorded document that the property had a sanitary-sewer line running through it—something that was not listed on the disclosure form. Fearing that the sewer line would interfere with their plans to build their new house, the buyers tried to back out of the deal. Litigation ensued.

{¶ 3} The question we must answer is whether the sewer line constituted a defect that the seller had a duty to disclose. We conclude that it was not. The Eighth District Court of Appeals held otherwise, so we reverse its judgment.

## I. A Purchase Agreement and a Sewer Line

{¶ 4} Thomas and Melissa Coughlin wanted to build their "dream home" on Lake Erie. After reviewing a promotional video featuring drone footage, they identified Keith Ashmus's property as a desirable location for them to tear down Ashmus's house and construct a new one. Eager to obtain the lot, they wrote up a purchase offer that provided for $200,000 in earnest money subject to a 14-day due-diligence period to allow them to "evaluate land and feasibility for new construction." The Coughlins agreed to take the property "as is" and waived the right to all other inspections. Ashmus accepted their offer.

---

1. Ohio Department of Commerce, *Residential Property Disclosure Form*, https://com.ohio.gov/divisions-and-programs/real-estate-and-professional-licensing/salespersons-and-brokers/transaction-forms-and-disclosures/residential-property-disclosure-form (accessed May 27, 2025) [https://perma.cc/S6HF-7DVW]. The director of the Department of Commerce updated the form after this dispute began, but the provision at issue in this case, Section N, was unchanged.

**{¶ 5}** Ashmus provided the Coughlins with a copy of the Residential Property Disclosure Form. That form requires a seller to disclose material matters relating to the physical condition of the property. In regard to the sewer system, Ashmus noted that the property was served by a public sewer. Ashmus left Section N of the form, which operates as a catchall section, blank. Section N provides:

> **N) OTHER KNOWN MATERIAL DEFECTS:** The following are other known material defects in or on the property:
>
> For purposes of this section, material defects would include any non-observable physical condition existing on the property that could be dangerous to anyone occupying the property or any non-observable physical condition that could inhibit a person's use of the property.

**{¶ 6}** Before the closing date, but weeks after their 14-day due-diligence period, the Coughlins discovered a recorded sewer easement while reviewing Bay Village City records. The sewer easement was also identified on the title commitment that the Coughlins later received.

**{¶ 7}** The Coughlins determined that the sewer line would interfere with their ability to build a new home on the spot they had intended. They explored the possibility of moving the sewer line but determined that doing so would be impractical because of the cost involved, and the need to rewrite the easement and obtain consent from the adjoining landowners.

**{¶ 8}** Ultimately, the Coughlins did not close on the property. Ashmus later sold the property to a different buyer and sued the Coughlins for breaching the purchase contract.

**{¶ 9}** Ashmus sought $93,500 in damages, the difference between the contract price and the price he received from a subsequent buyer. The Coughlins denied liability, arguing that Ashmus's failure to disclose the sewer line excused them from their duty to perform on the contract. The Coughlins also filed a

counterclaim for "misrepresentation, non-disclosure and concealment." They asserted that the sewer line constituted a physical defect that Ashmus was legally required to list on the disclosure form, and that Ashmus fraudulently failed to disclose its existence.

{¶ 10} Both parties moved for summary judgment. The trial court granted summary judgment in favor of Ashmus and denied the Coughlins' motion for summary judgment. Cuyahoga C.P. No. CV-22-960806, 2 (May 8, 2023). The court found that the sewer easement was recorded in a public record (and had been since 1964), and thus the Coughlins had constructive notice of its existence. *Id.* at 1-2. The trial court also found that the Coughlins failed to produce any evidence that the sewer line materially and adversely impacted the use or value of the property. *Id.* at 2. Consequently, the court concluded that the sewer line was not a defect that Ashmus was required to disclose. *Id.*

{¶ 11} The Coughlins appealed. In a split decision, the appellate court reversed the trial court's judgment. 2024-Ohio-341, ¶ 44 (8th Dist.). The court held that there was a genuine issue of material fact "as to whether the existence of the sewer line materially and adversely affected the Coughlins' use of the property, which was to build a new structure." *Id*. at ¶ 34. It also found genuine issues of material fact "as to whether the sewer line was a non-observable physical condition that 'could' inhibit the Coughlins' use of the Property and whether Ashmus completed the Disclosure Form in 'good faith.' " *Id*. at ¶ 42.

{¶ 12} Judge Sheehan dissented in part. She noted that the disclosure form required disclosure of a " 'non-observable physical condition that could inhibit a person's use of the property.' " (Emphasis deleted.) *Id*. at ¶ 51 (Sheehan, J., concurring in part and dissenting in part). Focusing on the form's use of the indefinite article "a," she explained that the question was "not whether the sewer line could inhibit a particular buyer's intended use of the property but rather whether the sewer line could inhibit a person's use of the property generally." *Id*.

4

at ¶ 56 (Sheehan, J., concurring in part and dissenting in part). She also maintained that the sewer line was not a "non-observable" physical condition because the sewer easement was identified in a publicly recorded document and, thus, the Coughlins had constructive notice of the sewer line. *Id*. at ¶ 57 (Sheehan, J., concurring in part and dissenting in part).

**{¶ 13}** We accepted Ashmus's appeal on two propositions of law. *See* 2024-Ohio-1974. In the first, Ashmus argues that a recorded sewer easement does not constitute a "defect" that must be disclosed by the seller of residential real estate. In the second, Ashmus contends that sellers are only required to disclose "non-observable physical conditions that could inhibit a person's use of the property based on its current use." Because both propositions focus on a seller's obligations under Section N of the disclosure form, we consider them together.

## II. Ashmus Was Not Required to Disclose the Recorded Sewer Line

**{¶ 14}** The Coughlins argue that the sewer line is a defect, that Ashmus fraudulently concealed it by leaving Section N of the disclosure from blank, and that the alleged fraudulent concealment justified their breach of the purchase agreement. We begin by explaining Ohio's disclosure-form requirement.

### A. *Ohio's residential property disclosure-form requirement*

**{¶ 15}** R.C. 5302.30(D)(1) requires the director of the Department of Commerce to create a disclosure form to be completed by transferors of residential real property. The form is designed to allow sellers "to disclose material matters relating to the physical condition of the property to be transferred." *Id*. These include "the source of water supply," "the nature of the sewer system," "the condition of the structure of the property," hazardous materials like asbestos and radon gas, and "any material defects in the property that are within the actual knowledge of the transferor." *Id*.

**{¶ 16}** R.C. 5302.30 does not create an independent cause of action for a transferor's failure to properly complete the disclosure form. Instead, the statute

provides a right of rescission in limited circumstances. If a transferee receives the disclosure form *after* entering into the purchase agreement, the transferee may rescind the agreement within three business days following receipt of the form. R.C. 5302.30(K)(2) and (3).

{¶ 17} Because R.C. 5302.30 does not create an independent cause of action, a buyer's remedy for nondisclosure is limited to common-law claims for fraud. *See Majoy v. Hord*, 2004-Ohio-2049, ¶ 17. R.C. 5302.30 is relevant to such fraud claims because it modifies the common-law duty of disclosure in certain respects.

{¶ 18} Historically, unless a purchase agreement contained an "as is" clause, sellers of real property were required to disclose latent defects, i.e., hidden defects, of which they were aware. *See, e.g.*, *Layman v. Bins*, 35 Ohio St.3d 176, 178 (1988). But under the doctrine of caveat emptor, they were not required to disclose patent defects, that is, defects that would be readily observable through a reasonable inspection. *Id.* at 177-178.

{¶ 19} The enactment of R.C. 5302.30 modified the seller's duty by requiring disclosure of not only known latent defects but also known patent defects. *See* R.C. 5302.30(D)(1) (disclosure form shall be designed to permit disclosure of "any material defects in the property that are within the actual knowledge of the transferor"); *Pedone v. Demarchi*, 2007-Ohio-6809, ¶ 31 (8th Dist.). Nonetheless, R.C. 5302.30(D)(1) provides that the disclosure form is "not a warranty of any kind by the transferor," nor is it "a substitute for any inspections."

{¶ 20} The Coughlins contend that Ashmus fraudulently concealed the existence of the sewer line. To establish a claim of fraudulent concealment based on nondisclosure, the Coughlins must show (1) a duty to disclose a material fact, (2) a failure to disclose the fact, (3) an intent to mislead through the nondisclosure of the fact, (4) justifiable reliance on the nondisclosure, and (4) resulting injury

caused by the reliance on the nondisclosure. *See Lucarell v. Nationwide Mut. Ins. Co*, 2018-Ohio-15, ¶ 61; *Williams v. Aetna Fin. Corp*, 1998-Ohio-294, ¶ 49.

{¶ 21} Thus, we next consider whether Ashmus had a duty to disclose the existence of the sewer line. And that question turns on whether the sewer line constituted a "material defect" for purposes of the disclosure form.

### B. *The recorded sewer line does not constitute a material defect for purposes of the disclosure form*

{¶ 22} Section N of the disclosure form, captioned "Other Known Material Defects," requires transferors to disclose material defects not otherwise specified on the form. The form goes on to explain that "material defects would include any non-observable physical condition existing on the property that could be dangerous to anyone occupying the property or any non-observable physical condition that could inhibit a person's use of the property."

{¶ 23} In deciding that the sewer line could constitute a material defect, the court of appeals focused on the phrase "any non-observable physical condition that could inhibit a person's use of the property." 2024-Ohio-341 at ¶ 33 (8th Dist.). It reasoned that the sewer line could inhibit the Coughlins' use of the property and, therefore, could constitute a material defect. *Id.* There are two problems with this logic. First, it ignores the common understanding of the word "defect." Second, it focuses on the Coughlins' use, rather than on *a person's* use, of the property.

{¶ 24} The disclosure form requires the disclosure of "material defects." *See also* R.C. 5302.30(D)(1) (directing Director of Department of Commerce to adopt form allowing for disclosure of "any *material defects* in the property that are within the actual knowledge of the transferor" [emphasis added]). But under a common understanding of the term, a working sewer line and a recorded easement do not constitute a defect.

{¶ 25} A defect is ordinarily understood as representing some sort of inadequacy or flaw. Webster offers two relevant definitions: (1) "an irregularity in

a surface or a structure that spoils the appearance or causes weakness or failure," and (2) the "want or absence of something necessary for completeness, perfection, or adequacy in form or function." *Webster's Third New International Dictionary* (2002).

{¶ 26} Caselaw illustrates this point. An electrical system has "defects" when it fails to comply with the local electrical code and constitutes a fire hazard. *Brewer v. Brothers*, 82 Ohio App.3d 148, 154 (12th Dist. 1992). A wide crack in a basement wall that leads to water seepage is a "defect." *Dennison v. Koba*, 86 Ohio App.3d 605, 607, 610 (9th Dist. 1993). So too are an inoperative furnace, damaged plumbing, and a basement subject to flooding. *Di Pippo v. Meyer*, 24 Ohio App.2d 86 (1st Dist. 1970).

{¶ 27} All this is in line with the ordinary usage of the term. A reasonable person might say that a sewer line had a defect if a pipe was cracked and sewage backed up. But few speakers would say that a sewer line was defective if it worked perfectly, but was in an inconvenient location.

{¶ 28} Notwithstanding the ordinary meaning of "defect," the court of appeals looked to the language in the disclosure form stating that a defect "include[s] 'any non-observable condition that could inhibit a person's use of the property,' " 2024-Ohio-341 at ¶ 33 (8th Dist.). In applying that clause, the court of appeals focused on the Coughlins' planned use of the property. This might have been appropriate had the provision referred to a non-observable condition that could inhibit *the* person's use of the property. But the form's provision uses the indefinite article "a"—"*a* person's use of the property." (Emphasis added.) The use of the indefinite article "a" suggests that a single, but unspecified, person is the standard. *See, e.g.*, *McFadden v. United States*, 576 U.S. 186, 191 (2015), quoting *Webster's New International Dictionary* (2d Ed. 1954) ("When used as an indefinite article, 'a' means '[s]ome undetermined or unspecified particular.' "). In this context, the disclosure form does not require that the seller anticipate how a particular buyer

might use the property; instead, the form requires that the seller describe a condition that would interfere with an ordinary buyer's use of the property.

{¶ 29} Here, nothing about the sewer line inhibited a buyer from purchasing Ashmus's house and using it as a house. In other words, the sewer line did not constitute a "non-observable physical condition that could inhibit a person's use of the property." Thus, the sewer line was not a material defect that was required to be listed on the form.

### C. *We reinstate the judgment of the trial court*

{¶ 30} Having determined that Ashmus had no duty to disclose the sewer line or easement on the disclosure form, resolution of this case is straightforward. The Coughlins cannot prevail on their claim of fraudulent concealment because Ashmus had no duty to disclose the existence of the sewer line. As we have already explained, R.C. 5302.30 did not create a duty to disclose the sewer line on the disclosure form. Nor did the law otherwise impose a duty on Ashmus to disclose the sewer line.

{¶ 31} Recall that under the doctrine of caveat emptor, a seller of residential property has a duty to disclose latent (or hidden) defects but not patent (or readily discoverable) defects. But where an "as is" clause exists in an agreement, there is no duty to disclose even latent defects. *See, e.g.*, *Eiland v. Coldwell Banker Hunter Realty*, 122 Ohio App.3d 446, 457 (8th Dist. 1997); *Brewer*, 82 Ohio App.3d at 151. Here, the purchase contract contained an "as is" clause. For that reason alone, there was no common-law duty of disclosure.[2]

---

2. Ashmus also argues that he had no duty to disclose the sewer line because the Coughlins had constructive notice of the sewer line because it was recorded in a public record. *See Irvin's Lessee v. Smith*, 17 Ohio 226, 243 (1848) (duly recorded encumbrances "operate as constructive notice . . . to all the world"). The Coughlins contend that there is at least a question of fact whether the easement was recorded within the property's chain of title. We need not reach this issue because of our conclusion that the sewer line did not constitute a material defect that Ashmus was required to disclose.

**{¶ 32}** Because Ashmus did not have a duty to disclose the sewer line, the Coughlins cannot prevail on their claim for fraudulent concealment. Thus, the trial court correctly entered summary judgment in favor of Ashmus and against the Coughlins.

### III. Conclusion

**{¶ 33}** We reverse the judgment of the Eighth District Court of Appeals. And we reinstate the trial court's judgment granting Ashmus's motion for summary judgment and denying the Coughlins' motion for summary judgment.

Judgment reversed.

_____

Frantz Ward, L.L.P., and Mark L. Rodio, for appellant.

Ritzler, Coughlin, & Paglia, Ltd., and Thomas M. Coughlin Jr.; Flowers & Grube, Paul W. Flowers, and Kendra N. Davitt; and Sammon Law, L.L.C., and Colin P. Sammon, for appellees.

Baker & Hostetler, L.L.P., and Robert J. Tucker, urging reversal for amicus curiae, Ohio Realtors.

_____